UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL LICHWA and RYAN CRAIG,

Plaintiffs,

v.

MARTY BRICKEY and INTERZONE ENTERTAINMENT, LLC,

Defendants.

Case No. 2:12-cv-01975-MMD-GWF

ORDER

(Defs.' Motion to Dismiss – dkt. no. 9)

I.   **SUMMARY**

Before the Court is Defendants Marty Brickey and Interzone Entertainment, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue.  (*See* dkt. no. 9.)  For the reasons set forth below, Defendants' Motion is denied.

II.   **BACKGROUND**

This case arises from Defendants Brickey and Interzone's alleged default on various contractual obligations to Plaintiffs.  Brickey, a resident of Missouri, entered into a loan arrangement on June 2, 2008, with Plaintiffs Ryan Craig and Michael Lichwa, both residents of Nevada, whereby Brickey was to loan $50,000 from Craig and $125,000 from Lichwa at the rate of 18% interest per annum.  The principal and interest was to be paid in one installment within 12 months of signing the loan's promissory note. Plaintiffs allege that Brickey, as a managing member of the Missouri company Interzone Entertainment, LLC ("Interzone"), entered into simultaneous oral agreements to provide 50,000 shares of Interzone to Craig and 125,000 shares of Interzone to Michwa.

Plaintiffs allege that Brickey failed to remit his loan obligations to both Plaintiffs, and failed to provide the shares of Interzone to both Plaintiffs in violation of the signed promissory notes and the parties' contemporaneous oral agreements.  Plaintiffs brought suit in Nevada state court on September 26, 2012, against Brickey and Interzone asserting breach of written contract, breach of oral contract, breach of the implied covenant of good faith and fair dealing, fraud, and securities fraud under NRS § 90.570.

Defendants removed the suit to this Court, and now move to dismiss for lack of personal jurisdiction.  (*See* dkt. nos. 1 and 9.)  Defendants' primary contention is that the Court lacks personal jurisdiction over them because they are Missouri residents.  In the alternative, Defendants argue that venue in the District of Nevada is improper, and the case should be transferred to federal court in Missouri.

**III.    DISCUSSION**

**A.    Personal Jurisdiction**

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper.  *Boschetto v. Hansin*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks omitted).  The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (*quoting Amba Mktg. Sys.*, *Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977)).  The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but it may resolve factual disputes in the plaintiff's favor, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

///

A two-part analysis governs whether a court retains personal jurisdiction over a nonresident defendant.  "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Soc'y Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994).  Since "Nevada's long-arm statute, NRS § 14.065, reaches the limits of due process set by the United States Constitution," the Court moves on to the second part of the analysis.  *See Baker v. Eighth Judicial District Court ex rel. Cnty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000).  "Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404-05.  "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (*citing Int'l Shoe v. Washington,* 326 U.S. 310, 316 (1945)).  Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific jurisdiction.  Here, Plaintiffs only argue that the Court may exercise specific jurisdiction over Defendants.

Specific jurisdiction exists where "[a] nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its forum contacts." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1075 (9th Cir. 2011).  Courts use a three-prong test to determine whether specific jurisdiction may be exercised over a non-resident defendant: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Id.* at 1076.  The party asserting jurisdiction bears the burden of satisfying the first two prongs. *CollegeSource, Inc.*, 653 F.3d at 1076 (*citing Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).  If it satisfies its burden, the burden shifts to the party challenging jurisdiction to set forth a

1  "compelling case" that the exercise of jurisdiction would be unreasonable.  *Id.* (*quoting*

2  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

3              **1.    Purposeful Availment**

4      "The first prong of the specific jurisdiction test refers to both purposeful availment

5  and purposeful direction."  *CollegeSource, Inc.*, 653 F.3d at 1076.  Cases involving

6  tortious conduct are analyzed under the rubric of purposeful direction.  *Id.*  In contract

7  cases, a court inquires into whether the defendant "purposefully avails itself of the

8  privilege of conducting activities or consummates a transaction in the forum, focusing on

9  activities such as delivering goods or executing a contract."  *Yahoo! Inc. v. La Ligue*

10  *Contre Le Racism Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc).

11      The parties dispute who approached whom to enter into the loan arrangements.

12  Plaintiffs, through their sworn declarations, represent that Brickey approached them with

13  this business opportunity while he was in Las Vegas, Nevada.  (*See* Lichwa Decl., dkt.

14  no. 11-1 at ¶ 4; Craig Decl., dkt. no. 11-2 at ¶ 4.)  In his Motion, Brickey suggests that

15  Plaintiffs approached him to enter into this deal, though they had met while Brickey was

16  vacationing in Las Vegas.  (*See* dkt. no. 9 at 6-7.)  Brickey does not dispute that he

17  drafted the promissory notes and returned to Las Vegas for the purpose of meeting with

18  Lichwa and Craig to finalize the transaction.  However, he represents that he executed

19  the notes while in Missouri, and that a number of discussions regarding the deal

20  occurred via telephone while Brickey was in Missouri.  (*See id.* at 6.)  Plaintiffs dispute

21  this fact, instead asserting that all negotiations occurred in Nevada.  (*See* Lichwa Decl.

22  at ¶ 4; Craig Decl. at ¶ 4.)  Since the Court decides this Motion without an evidentiary

23  hearing, Plaintiffs' allegations, supported by sworn declarations, are taken as true.  *See*

24  *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986) ("Where, as

25  in this case, the trial court ruled on the issue relying on affidavits and discovery materials

26  without holding an evidentiary hearing, dismissal is appropriate only if the plaintiff has

27  not made a prima facie showing of personal jurisdiction.").  Accordingly, the Court

28  concludes that Brickey purposefully availed himself of the privilege of conducting this

business transaction in Nevada: while he was in Las Vegas, he solicited Plaintiffs for his business opportunity, discussed the transaction with them knowing they were residents of Nevada, and flew back to Las Vegas to finalize the terms of the deal.  These are not "de minimis" contacts with the state; instead, the majority of the transaction underlying the agreement occurred in Nevada.

Brickey makes much of the Missouri choice-of-law clause as evidence that he did not purposely avail himself of the protections of Nevada law.  This point is irrelevant: the parties could, as a general rule, elect to be governed by *any* forum's law.  That election does not alter the nature of Brickey's conduct in Nevada, for as the Supreme Court recognized, "[t]he issue is personal jurisdiction, not choice of law."  *Hanson v. Denckla*, 357 U.S. 235, 254 (1958).  As the parties did not agree on a forum-selection clause, the choice-of-law clause does little to disturb the Court's purposeful availment analysis.

### 2.      Arising Out of Forum-Related Activities

The claims here arise out of Brickey's forum-related activities.  His travel to Nevada initiated the interactions between the parties.  Discussions over the loan arrangement began in Nevada and concluded in Nevada.  The deal was finalized in Nevada, and Plaintiffs performed in Nevada.  There can be no serious doubt that Plaintiffs' allegations, supported by their declarations, meet the second prong of the specific jurisdiction test.

### 3.      Reasonableness

Once a plaintiff has made a prima facie case demonstrating that specific jurisdiction over the defendant is constitutional, the burden shifts to the party contesting jurisdiction to " 'present a compelling case' that the exercise of jurisdiction would be unreasonable and therefore violate due process."  *CollegeSource, Inc.*, 653 F.3d at 1079 (*quoting Burger King*, 471 U.S. at 477-78).  A court must determine whether extending personal jurisdiction over the defendants comports with "fair play and substantial justice" and is reasonable by considering seven factors: "(1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of

defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002).

The Court's exercise of personal jurisdiction over Defendants is reasonable under the circumstances.  As discussed above, Defendants interjected themselves into the forum state for the purposes of entering into the loans that are the subject of this suit. While Defendants will be burdened by defending this suit far from their home state, they cannot now be heard to complain after their purposeful contacts created this dispute. Although the Court will have to determine the validity of the Missouri choice-of-law clause, and might be forced to apply Missouri law as a result, Nevada's interest in adjudicating contractual disputes borne out of contracts formed in Nevada make the exercise of personal jurisdiction in this case eminently reasonable.  As a result, the Court holds that personal jurisdiction over Defendants exists in this matter.

### B.   Venue

In the alternative, Defendants argue that venue is improper, and that the case should be transferred to federal district court in Missouri.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005).  "The purpose of this section is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (citations and quotation marks omitted). Venue is proper in any district in which (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an

///

1  action may otherwise be brought, any judicial district in which any defendant is subject to

2  the court's personal jurisdiction.  28 U.S.C. § 1391(b).

3      The Court concludes that venue is proper in Nevada, since a substantial part of

4  the events giving rise to Plaintiffs' claims — the meeting of the parties, the solicitation of a

5  business transaction, negotiations over the details, and final execution and performance

6  — occurred in this district.  *See* 28 U.S.C. § 1391(b)(2).  Of course, venue would also be

7  proper in Missouri, Defendants' home state.  *See id.* at § 1391(b)(1).  The question then

8  becomes whether, under 28 U.S.C. § 1404(a), the Court should exercise its discretion to

9  transfer the case to the Western District of Missouri.

10     Motions to transfer venue are considered on "an individualized, case-by-case

11  consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d

12  495, 498 (9th Cir. 2000) (internal quotation marks omitted). "The statute has two

13  requirements on its face: (1) that the district to which defendants seek to have the action

14  transferred is one in which the action might have been brought, and (2) that the transfer

15  be for the convenience of parties and witnesses, and in the interest of justice." *Amazon*,

16  404 F. Supp. 2d at 1259 (citation and quotation marks omitted).  The burden of proof is

17  on the moving party.  *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093,

18  1109 (C.D. Cal. 2007).  Further, "[a] motion to transfer venue under § 1404(a) requires

19  the court to weigh multiple factors in its determination whether transfer is appropriate in a

20  particular case." *Jones*, 211 F.3d at 498.  "For example, the court may consider: (1) the

21  location where the relevant agreements were negotiated and executed, (2) the state that

22  is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the

23  respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's

24  cause of action in the chosen forum, (6) the differences in the costs of litigation in the

25  two forums, (7) the availability of compulsory process to compel attendance of unwilling

26  non-party witnesses, and (8) the ease of access to sources of proof." *Id.* at 498-99.

27     The factors articulated above counsel against transfer of the case to Missouri.

28  The relevant agreements were negotiated and executed in Nevada.  Plaintiffs chose to

litigate this case in Nevada, and all parties have contacts with the state, whether through residency (Plaintiffs) or through the actions that gave rise to this suit (Defendants). Lastly, the availability of witnesses and evidence militates for hearing the suit in Nevada, since the transactions, including potentially disputed oral representations, occurred in Nevada.  The seventh factor cannot be determined at this stage.  The only factor that weighs for Defendants is the second, since a federal judge sitting in Missouri would be more familiar with Missouri law than one sitting in Nevada.  However, on balance, the factors favor maintaining this action in Nevada.  Therefore, venue here is appropriate.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Defendants Marty Brickey and Interzone Entertainment, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue (dkt. no. 9) is DENIED.

DATED THIS 25th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE